IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLAVIN A. WHITE, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:07CV251-HEH
)
DIRECTOR, VIRGINIA )
DEPARTMENT OF CORRECTIONS, )
)
    Respondent. )

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2254 Petition)**

Clavin A. White ("Petitioner"), a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that, *inter alia*, the petition is barred by the one-year statute of limitations governing federal habeas petitions. Petitioner has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Petitioner was convicted in the Circuit Court of the City of Norfolk ("the Circuit Court") of murder, attempted robbery, and two counts of use of a firearm during the commission of those offenses. The Circuit Court sentenced Petitioner to life plus twenty years in prison. Petitioner appealed his conviction to the Court of Appeals of Virginia ("the Court of Appeals"). The Court of Appeals denied the appeal. On April 7, 2005, the Supreme Court of Virginia refused Petitioner's petition for appeal.

On April 14, 2006, Petitioner filed a state petition for a writ of habeas corpus with the Supreme Court of Virginia. On August 10, 2006, the Supreme Court of Virginia dismissed Petitioner's petition for a writ of habeas corpus.

On April 5, 2007, Petitioner executed his federal petition for writ of habeas corpus and apparently delivered the same to the prison officials for mailing. For purposes of the present motion, the federal petition will be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Petitioner's petition for a writ of habeas corpus is subject to a one-year statute of limitations. Specifically, the pertinent statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. TIMELINESS OF PETITIONER'S PETITION

Petitioner's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on July 7, 2005, the last date to file a petition for a writ of certiorari with the Supreme Court of

2

the United States from the decision of the Supreme Court of Virginia. *See Clay v. United States*, 537 U.S. 522, 527 (2003). On April 14, 2006, Petitioner filed his state petition for a writ of habeas corpus with the Supreme Court of Virginia. At the time Petitioner filed his state petition, 259 days of the federal statute of limitations had expired. Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period was tolled during the pendency of Petitioner's state collateral proceedings. The Supreme Court of Virginia dismissed the petition on August 10, 2006. Accordingly, Petitioner had 106 days, or until November 24, 2006, to file his federal petition. Petitioner did not execute his federal petition until April 5, 2007. Thus, the current petition is untimely, unless Petitioner can demonstrate that he is entitled to equitable tolling of the limitation period. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Petitioner does not set forth any basis for tolling the limitation period. Accordingly, the motion to dismiss (Dkt. No. 12) will be granted.

The § 2254 petition will be denied and the action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

Date: Feb. 19, 2008
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge